# BUTLER v STATE OF FLORIDA

## Case Nos 86-1513, 1514 (County Court Case Nos. 85-9405, 9406)

Thirteenth Judicial Circuit, Hillsborough County

November 10, 1987

### APPEARANCES OF COUNSEL

**Ollie B. Butler,** for appellant.

**Jim Barton,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

Defendant-Appellant, David Michael Butler (hereafter defendant) was convicted upon nonjury trial of disorderly conduct and resisting arrest without violence. Defendant now appeals from these judgments, contending his arrest for disorderly conduct was invalid and that the evidence adduced at trial was insufficient to support a conviction for either disorderly conduct or resisting arrest without violence.

In the early morning hours of July 6, 1985, officers of the Tampa Police Department were dispatched to defendant's home in reference to a domestic dispute. Officer Joseph Michael Durkin arrived at defendant's residence and parked his police vehicle one house away from defendant's residence. Officer Durkin arrived at the scene at approximately 12:29 a.m. Officer Donna Ethington arrived in a separate vehicle as a backup unit.

From one house away, Officer Durkin heard a verbal argument. He heard from defendant's residence a male voice yelling and screaming obscenities. The officer approached the front door of the residence with Officer Ethington a short distance behind him. Officer Durkin knocked on the front door. The door then abruptly opened and the Defendant's wife, holding a small baby, stepped into the doorway. She was crying hysterically and told Officer Durkin "its the same old thing, he is right in here," and then she motioned the Officer into the house. The Officer entered the doorway as defendant's wife stepped aside to let him in. Once inside, Officer Durkin observed defendant sitting on a couch. Next to the defendant on the couch was a .45 gauge shotgun and what appeared to be a .44 magnum rifle. The barrels of both of the weapons were pointing toward the doorway where the officer was standing. In order to control the situation, Officer Durkin drew his service revolver and ordered the Defendant to maintain his hands on his lap. The Officer reissued his verbal command several times, as the Defendant kept reaching for the weapons. With each verbal command the defendant would return his hands to his lap. After the weapons had been secured by the police officers, the defendant jumped from the couch to within inches of Officer Durkin and began screaming obscenities at the officer. Office Durkin unsuccessfully attempted to calm the defendant. The defendant continued to scream obscenities and then walked towards the adjoining room which was in partial darkness. The officer tried to maintain him in the living room area, but defendant refused to comply with the officer's request. As the defendant continued into the adjoining room, Officer Durkin inquired of defendant's wife whether there were any other weapons in the residence. Whereupon defendant began screaming, from approximately ten feet away in the darkened room, that he had a pistol pointed at the officer's head and that he was going to "blow off" the officer's head. Officer Durkin ducked his body, rushed the defendant, subdued him, and placed him under arrest.

Defendant continued with his verbal assaults towards the officer, and also began pushing and swinging his arms. Officer Durkin then lead defendant to the marked patrol vehicle. During the entire course defendant continued with his barrage of obscenities, screaming, trying

**109**

to pull away, and swinging his arms at the officer. At one point, the defendant spat upon the Officer and further struck him in the neck and chest area. Another officer who had responded to the scene assisted Officer Durkin in getting defendant into the marked police vehicle. In route to the county jail, defendant continued his violent behavior kicking on the door of the police unit.

Defendant was charged, tried and convicted of disorderly conduct and resisting arrest without violence. Defendant's argument is that he cannot be properly convicted for resisting arrest without violence, FS § 843.02 (1985), unless the arrest of which he accused of resisting was in fact lawful. *e.g., Burgess v State,* 313 So.2d 479 (Fla. 2d DCA 1975); *Smiley v State,* 354 So.2d — (Fla. 2d DCA 1978). Defendant's position, is that the facts of this case, failed to create a reasonable basis for his arrest for disorderly conduct under FS § 877.03 (1985). He concludes that inasmuch as that arrest must fail, the conviction for resisting arrest without violence must therefore also fail.

The Supreme Court of Florida in *State v Saunders,* 339 So.2d 641, 644 (Fla. 1976) in interpreting section 877.03 stated:

> [W]e now limit the application of Section 877.03 so that it shall hereafter only apply either to words which "by their very utterance . . . inflict injury or tend to incite an immediate breach of the peace," *White v State,* 330 So.2d at 7; *see Chaplinsky v New Hampshire,* 315 U.S. 568, 572, 62 S. Ct. 766, 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except "fighting words" or words like shouts of "fire" in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of over breadth and "the danger that a citizen will be punished as a criminal for exercising his right of free speech." *Spears v State, supra,* 377 So.2d at 980. With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever. To this extent, we modify our previous decision construing the statute.

339 So.2d at 644 (footnote omitted).

Defendant's offensive language directed toward Officer Durkin was more than a mere obscene outburst. Defendant's statement that he had a gun pointed at the officer and was going to "blow off" the officer's head, amounted to such a direct personal attack on Officer Durkin as would cause an average person to resort to violence. *See Chaplinsky v New Hampshire,* 316 U.S. 568, 62 S. Ct. 766, 86 L.Ed. 1031 (1942).

110

This is such verbal conduct for which punishment is allowed. Since defendant's remarks did in fact constitute "fighting words" he was guilty of disorderly conduct and was properly arrested and convicted of such. Defendant's arguments have no merit with regard to the judgment of conviction for disorderly conduct and likewise are without merit as to the conviction for resisting arrest without violence. Accordingly, the judgments are AFFIRMED.

DECIDED at Tampa, Hillsborough County, Florida, this 10th day of November, 1987.